UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LUTHER SPENCER, | ) | CASE NO. 1:14 CV 1284 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* prisoner Luther Spencer filed the above-captioned civil rights action against the U.S. Department of Veterans Affairs (VA), VA Acting Secretary Sloan Gibson, VA Administrator of Services Mark Wallace and VA Administrator of Disability Benefits Charlie L. Norris. One month after filing this action, Mr. Spencer filed a Motion to Amend the Complaint (Doc. No. 2). The Motion is granted and the Amended Complaint (Doc. No. 4), which supercedes the Original (Doc. No. 1), is now before the Court. *See In re Atlas Van Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000)(when plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward).

Mr. Spencer alleges he was denied certain benefits as an African American veteran. He

seeks the Court's intervention to remedy, what he perceives, as a dysfunctional VA system. For the reasons set forth below, this action is dismissed.

*Background*

Mr. Spencer alleges the VA has willfully been denying benefits to veterans over the past two years.  Without providing any facts relevant to personal experience, he alleges the defendants are denying rights to disability benefits and compensation.  Moreover, the defendants are knowingly and willfully violating "established laws."  He asserts that their actions are simply motivated by bonus money, with a total disregard for the well-being of veterans.

He adds that veterans have had to endure delayed treatment and, in some cases, died before receiving adequate care.  Mr. Spencer asserts this is a denial of the right to due process in violation of the Fourteenth Amendment.  The balance of his Amended Complaint continues to recite a number of generic examples of veteran mistreatment at the hands of the VA.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Lack of Standing*

The Supreme Court has held that courts must decide Article III standing issues, even

when not raised by the parties, before turning to the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (stating that " 'a court is bound to ask and answer [a jurisdictional question] for itself, even when not otherwise suggested' ") (citation omitted). Mr. Spencer, as the party invoking federal subject matter jurisdiction, has the burden of persuading the Court that all of the requirements necessary to establish standing to bring the lawsuit have been met. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that the party invoking federal jurisdiction has the burden of establishing the three elements that constitute the "irreducible constitutional minimum of standing").

Article III of the United States Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. To satisfy this "case-or-controversy" requirement, "a plaintiff must establish three elements: (1) an injury in fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue--the injury must be fairly traceable to the defendant's action; and (3)[a] likelihood that the injury would be redressed by a favorable decision of the Court." *Blachy v. Butcher*, 221 F.3d 896, 909 (6th Cir. 2000) (internal quotation marks omitted); *Lujan*, 504 U.S. at 560 (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement").

Even though Mr. Spencer identifies himself as veteran, as a *pro se* litigant, he is not entitled to represent the interests of anyone other than himself. *See e.g. Dean v. Blanchard*, 865 F.2d 257 (6th Cir.1988) (*Pro se* prisoners generally may not bring class action lawsuits concerning prison conditions.)(citation omitted); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973); see also 7A Wright, Miller & Kane,

Federal Practice and Procedure: Civil 2d § 1769.1 & n. 12 (2d ed.1986) (citing cases for rule that class representatives cannot appear pro se). The injuries about which Mr. Spencer complains do include any personal accounts. Instead, the issues and allegations in his Amended Complaint are simply a recitation from recent headlines involving claims of VA mismanagement. Mr. Spencer's Amended Complaint fails to allege any concrete "injury in fact" from which he is suffering that the Court can trace to the defendants.

A party claiming standing must also demonstrate that prudential considerations do not further limit the exercise of a court's power to hear a case. *See, e.g.,Warth v. Seldin*, 422 U.S. 490, 498 (1975). "[A]ny inquiry into a litigant's standing to sue involves examination of both constitutional limitations and prudential restrictions." *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 456 (6th Cir.2001) (citation omitted). Broadly speaking, there are three prudential limits on standing ordinarily counseling against the exercise of jurisdiction: (1) alleging a generalized grievance not particular to the plaintiff; (2) asserting the legal rights and interests of a third party; and (3) claiming an injury outside the zone of interests of the statute providing the cause of action. *See, e.g., Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc*., 454 U.S. 464, 474-75 (1982). All three limitations apply to the allegations set forth in the Amended Complaint.

There is no statement or set of facts that establish this Court's jurisdiction over the matter. Not only has Mr. Spencer failed to allege an injury in fact, but he has failed to state a claim for federal relief. Even if the Court considers the substantial volume of attachments he filed with the Amended Complaint, it is not the role of the Court to create a claim on his behalf. District courts are not required to conjure up questions never squarely presented to them or to

construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

*Conclusion*

Based on the foregoing, the Motion to Proceed *In Forma Pauperis* (Doc. No. 3) is granted and the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 10/6/14*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.